IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KRYSTLE CLOCKSIN, KYLE DAVIS,** and **FAIR HOUSING COUNCIL OF OREGON,**<br><br>PlaintiffS,<br><br>v.<br><br>**KEYSTONE REAL ESTATE, INC.,** an Oregon corporation,<br><br>Defendants. | Case No. 6:16-cv-00026-JR<br><br>OPINION AND ORDER ON MOTION FOR ATTORNEY FEES AND BILL OF COSTS |

McShane, Judge:

Plaintiffs seek attorney fees in the amount of $14,787.50 and costs in the amount of $583.56 following a Rule 55(b) default judgment granted in their favor against defendants. ECF Nos. 18, 21. This Court awarded Plaintiff Clocksin $12,092.50 and Plaintiff Davis $11,899.50 and Plaintiff FHCO $15,226.00. ECF No. 17. The Court also awarded Plaintiffs reasonable attorney fees and costs pursuant to 42 U.S.C. § 3613(c)(2), which gave rise to the petitions now at issue. *Id.* I asses fees and costs for their reasonableness below.

**I.    Motion for Attorney Fees**

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v.*

Page 1 – OPINION AND ORDER

*Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). The court then decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986).

Due to the fact that Plaintiffs' fee petition arises from a default judgment, it is effectively uncontested. In determining the reasonableness of fees, however, this Court must nonetheless provide a "concise but clear" explanation of reasons for the fee award. *Gates v. Deukmajian*, 987 F.2d 1392, 1400 (9th Cir. 1992). Plaintiffs' lead counsel spent 76.7 hours on this case at a rate of $150. Plaintiffs' co-counsel spent 4.2 hours on this case at a rate of $250. ECF No. 8. These figures appear consistent with prevailing market rates, which are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541 (1984).[1] Plaintiffs' counsel attest that the hours billed were spent primarily on the investigation preceding this action, the preparation and filing of the motions in this case, and preparation for argument before this Court. *Id.* at 2–3.

Plaintiffs' counsel assert that they exercised "conservative billing judgment, deleting duplicative and non-essential time and refraining from seeking compensation for the time of a third co-counsel or for consultation with additional Oregon Law Center attorneys." Pls.' Mot. for

---

[1] Courts in this District have determined that they will use the Oregon State Bar 2012 Economic Survey as their initial benchmark when reviewing fee petitions. The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

Page 2 – OPINION AND ORDER

Atty. Fees, 3, ECF No. 18. Upon review, I agree with these assertions and I find both the hours spent and the hourly rates applied to be reasonable under the circumstances.

## II.   Bill of Costs

Plaintiff's Bill of Costs itemizes $400 in filing fee expenses, $112.50 in costs related to service, and $71.06 in costs related to traveling to and from Eugene to appear in court, for a total of $21,201.36. Upon review, these expenses appear reasonable and I grant them under 28 U.S.C. § 1920.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Attorney Fees, ECF No. 18, is GRANTED in the amount of $14,787.50, and Plaintiff's Bill of Costs, ECF No. 21, is GRANTED in the amount of $583.56.

IT IS SO ORDERED.

Dated this 29 day of June, 2016.

                                                            **Michael McShane**
                                                          **United States District Judge**